Mr. Justice Null
delivered the opinion of the court :
It might be sufficient in this case to say, that the costs being due, would protect the defendants from an action of false imprisonment for causing; the plaintiff to be arrested on the ca. sa. — but they stand on much stronger ground. The whole debt remained unsatisfied. Some stipulation had been proposed between the parties, by which it was agreed that the execution should be stayed ; but it was a mere secret contract without any consideration that we can see, and the precise terms of which we do not know. It appears not to have been closed, because the parties differed about the terms of it — it certainly could not operate as a discharge of the execution. If the defendants had been guilty of a breach- of faith, or of a breach of *208 contract, they might have been liable to some other action. But they could not be liable to an action of false imprisonment, as long as the judgment and execution remained unsatisfied.
Levy Sr Chappell, for the motion.
McCord S,- Gregg, contra.
The defendants appear -to me to be equally justifiable upon moral as well as legal principles. The plaintiff’s house had been sold — he was for ever divested of it, if the purchaser had been disposed to have kept it, and probably would have done so, if the defendants had not stepped in to the plaintiff’s relief. They agreed to advance the money for him, to take the house as security for that and their own debt, and to give him two years to pay the money, but when a written agreement was tendered, he refused to sign it: whether that agreement was in conformity with the verbal contract, does not appear — but it at least appears that the bargain had not been finally concluded ; the defendants then had no alternative but to proceed with their execution.
The motion therefore must be refused.
Justices Johnson, Huger and Richardson, concurred.